FILED
JUN 27 2016
JUDGE JOHN J. THARP, JR.
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JOHN C. VASTIS

No. 14 CR 486

Judge John J. Tharp Jr.

# PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, ZACHARY T. FARDON, and defendant JOHN C. VASTIS, and his attorney, THOMAS ANTHONY DURKIN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(C), as more fully set forth below. The parties to this Agreement have agreed upon the following:

## Charge in This Case

2. The superseding information in this case charges defendant with accessing with intent to view child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

3. Defendant has read the charge against him contained in the superseding information, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the superseding information, which charges defendant with accessing with intent to view child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

Between January and August 2014, at Lakemoor, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant, JOHN C. VASTIS, knowingly accessed with intent to view material, namely, an Apple Macbook laptop computer bearing serial number W8728DDUYA3, that contained an image of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, such image having been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate commerce by any means, and such image having been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

More specifically, from approximately September 2013 until approximately August 2014, defendant knowingly communicated with Minor A over Skype, a voice-over-IP ("VOIP") service and instant messaging client that allows users to communicate via "chats" and to send images and video files over the internet. For example, on September 4, 2013, defendant, who was using the pseudonym "Pete," contacted Minor A over Skype, and reminded Minor A that defendant and Minor A had communicated previously on another online forum. Defendant and Minor A also discussed trading "vids and pics," which defendant understood to be a reference to videos and pictures that contained child pornography.

Later during the same September 4 chat, Minor A told defendant that he was 16 years old, and defendant responded that he was 50 years old. Following a discussion in which defendant asked whether Minor A would ever "meet up for real," defendant asked Minor A, "[C]an u go on cam here for a quick few seconds so I know ur not a cop?"

Defendant had another series of chats with Minor A on December 22, 2013. During one of those chats, defendant said, "I'd love to meet you sometime but I will admit I'm nervous that you might be a cop or something." Defendant also told Minor A, "I would like to maintain a consistent conversation with you but for obvious reasons I'm nervous about it. Will u make it appoint [sic] to check Skype more frequently so we can talk?"

On January 18, 2014, defendant had the following chat with Minor A over Skype, during which he induced, persuaded, and enticed Minor A to engage in

sexually explicit conduct and to transmit a visual depiction of that conduct to defendant over the internet:

Defendant: "ready for another pic handsome?"

Minor A: "yes"

Defendant: "same as the last one but lose the red shorts and leave the underwear on"

Minor A: "those are my underwear lol"

Defendant: "oh I thought that was a pair of shorts over another pair…hmmmm..ok, lose em"

As a result of this exchange, Minor A sent defendant an electronic file entitled "Photo on 1-18-14 at 9.52 PM.jpg." Contained in this file was a digital photograph depicting Minor A lying down on a bed, nude, with his penis erect. After receiving the photograph, defendant said, "I love the look in your eyes in that last one…like you're saying, 'come get me daddy.' "

On March 3, 2014, defendant again induced and enticed Minor A to engage in sexually explicit conduct and to transmit an image of that conduct to defendant over the internet. Specifically, at defendant's instruction, Minor A sent a picture to defendant that depicted Minor A wearing only a towel. Defendant responded, "[D]amn, I have missed that!!!!" In addition, defendant said, "[S]o tempting…before the 30th," referring to defendant's desire to conduct a sexual liaison in person with Minor A once Minor A turned 17 years old. Defendant then had the following exchange with Minor A:

Defendant: "wrap that towel around your neck now, hanging on your chest"

Minor A: "[expletive term for penis omitted] in the pic?"

PETE: "yeah"

In response to defendant's instructions, Minor A sent defendant an electronic file entitled "Photo on 3-3-14 at 8.48 pm.jpg." This file contained a digital photograph depicting Minor A lying down on a bed with his penis exposed. After receiving the photograph, defendant said, "[N]ice boy! You take orders so nicely."

On July 12, 2014, defendant again had a Skype chat with Minor A, during which he directed Minor A to send him a sexually explicit image over the internet:

Defendant: "next pic... standing... underwear off... let me see my boy's sweet [buttocks]"

Minor A: "Photo on 7-12-14 at 11.20 PM.jpg" [The image depicts Minor A, standing and facing away from the camera, nude from the legs up. Minor A's buttocks are exposed.]

Defendant: "nice, again now but with your arms and hands down to your side"

Minor A: "Photo on 7/12/14 at 11.22 PM.jpg" [The image also depicts Minor A, standing and facing away from the camera, nude from the legs up. Minor A's buttocks are exposed.]

Defendant: "very very nice"

Defendant: "are u feeling good about this boy?

Minor A: "hell yes daddy"

Defendant: "show me, turn around and let me see for myself"

In response to defendant's inducement, Minor A sent defendant an electronic file entitled "Photo on 7-12-14 at 11.25 PM.jpg." This file contained a digital photograph depicting Minor A standing at a 90 degree angle to the camera, nude from the legs up, while holding his erect penis. In response, defendant said, "HOT!!!! Damn" and "ur getting hotter all the time son."

On July 13, 2014, defendant and Minor A had a graphic exchange over Skype chat during which defendant urged Minor A to make a videorecording of Minor A masturbating. As a result of defendant's inducement, Minor A sent defendant an electronic file entitled "Movie on 7-13-14 at 1.32 AM.mov." This file contained a videorecording, approximately one minute and fifty-two seconds in length, that depicted Minor A masturbating and eventually ejaculating. In response, defendant said, "[D]on't leave, wait till I view it," followed by "SO [ ] HOT. Yeah, I [ ] trust u kid... u deliver!"

Defendant and Minor A had additional Skype chats on July 13, 2014, during which defendant admitted watching child pornography involving Minor B, a 13-year-old boy, masturbating for defendant via a web camera.

On August 23, 2014, while at his home in Lakemoor, Illinois, defendant accessed on his Apple Macbook laptop computer bearing serial number W8728DDUYA3 images that he knew depicted prepubescent children and children under the age of 12 engaged in sexually explicit conduct. For example, defendant accessed: (1) an image of a prepubescent boy lying nude on top of an adult male; (2) a video of prepubescent boy performing oral sex on an adult male; and (3) a still image drawn from the preceding video depicting the same prepubescent boy performing oral sex on an adult male.

Defendant acknowledges that he knew Minor A and Minor B were real children at the time he obtained pictures of them engaged in sexually explicit

conduct using the internet. Defendant further acknowledges that his Apple Macbook laptop computer was manufactured in China.

**Maximum Statutory Penalties**

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a. A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

**Sentencing Guidelines Calculations**

8. Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2015 Guidelines Manual.

b. **Offense Level Calculations.**

i. Pursuant to Guideline § 2G2.2(c), Guideline § 2G2.1 applies because the offense involved causing Minor A and Minor B to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and because the resulting offense level is greater than that determined pursuant to Guideline § 2G2.2.

ii. Pursuant to Guideline § 2G2.1(d)(1), because the offense involved exploitation of more than one minor, the conduct relating to each shall be treated as if contained in a separate count of conviction.

Minor A

iii. Pursuant to Guideline § 2G2.1(a), the base offense level is 32.

iv. It is the government's position that, pursuant to Guideline § 2G2.1(b)(2)(A), the offense level is increased by 2 levels because the offense involved the commission of sexual contact. It is the defendant's position that the enhancement pursuant to Guideline § 2G2(b)(2)(A) does not apply. Each party is free to present evidence and argument to the Court on this issue.

v. Pursuant to Guideline § 2G2.1(b)(6)(B)(ii), the offense level is increased by 2 levels because the offense, for the purpose of producing sexually explicit material, involved the use of an interactive computer service to solicit Minor A.

Minor B

vi. Pursuant to Guideline § 2G2.1(a), the base offense level is 32.

vii. Pursuant to Guideline § 2G2.1(b)(1)(B), the offense level is increased by 2 levels because the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years.

viii. It is the government's position that, pursuant to Guideline § 2G2.1(b)(2)(A), the offense level is increased by 2 levels because the offense involved sexual contact. It is the defendant's position that the enhancement

pursuant to Guideline § 2G2(b)(2)(A) does not apply. Each party is free to present evidence and argument to the Court on this issue.

ix. Pursuant to Guideline § 2G2.1(b)(6)(B)(ii), the offense level is increased by 2 levels because the offense, for the purpose of producing sexually explicit material, involved the use of an interactive computer service to solicit Minor B.

Combined Offense Level

x. Pursuant to Guideline § 3D1.4, because the conduct involving Minor A has an offense level of 36, and the conduct involving Victim B has an offense level of 38, there are two Units and, therefore, 2 levels are added to the group with the highest offense level, resulting in a combined offense level of 40.

xi. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

xii. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its

resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d. **Anticipated Advisory Sentencing Guidelines Range**. Therefore, it is the government's position that, based on the facts now known to the government, the anticipated offense level is 37, which, when combined with the anticipated criminal history category of I, results, pursuant to Guideline § 5G1.1(a), in an anticipated advisory sentencing guidelines range of 210 to 240 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant

to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

**Agreements Relating to Sentencing**

11. This Agreement will be governed, in part, by Fed. R. Crim. P. 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of no fewer than 135 months. Other than the agreed minimum term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate, and each party is free to recommend whatever sentence it deems appropriate. If the Court accepts and imposes a sentence subject to the agreed

minimum term of incarceration set forth herein, defendant may not withdraw this plea as a matter of right under Fed. R. Crim. P. 11(d) and (e). If, however, the Court refuses to impose a sentence subject to the agreed minimum term of incarceration set forth herein, thereby rejecting this Agreement, or otherwise refuses to accept defendant's plea of guilty, either party has the right to withdraw from this Agreement.

12. Regarding restitution, defendant acknowledges that, pursuant to Title 18, United States Code, Section 2259, the Court must order restitution in the full amount of the losses of any victim of defendant's offense, as the terms "victim" and "loss" are defined in that section. The amount of restitution shall be determined by the Court at sentencing.

13. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

14. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

15. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code,

Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

16. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the superseding indictment and forfeiture allegation as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

17. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 14 CR 486.

18. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

19. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. **Right to be charged by indictment**. Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

b. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not

convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

c. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

d. **Waiver of appellate and collateral rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States

Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

20. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

**Presentence Investigation Report/Post-Sentence Supervision**

21. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at

sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

22. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

23. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified

copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

24. Defendant understands that, pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

25. Defendant agrees to participate in psychological counseling and sex offender treatment as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

## Other Terms

26. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including

providing financial statements and supporting records as requested by the United States Attorney's Office.

27. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**Conclusion**

28. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

29. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph,

notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

30. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

31. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: June 27, 2016

Zachary T. Fardon by JBP
ZACHARY T. FARDON
United States Attorney

JOHN KNESS
Assistant U.S. Attorney

John C. Vastis
JOHN C. VASTIS
Defendant

THOMAS ANTHONY DURKIN
Attorney for Defendant