**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 CR 486 |
| | ) | |
| JOHN C. VASTIS, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Vastis's motion for compassionate release [125] is denied. See Statement for details.

## STATEMENT

In January 2017, defendant John C. Vastis was sentenced to a term of imprisonment of thirteen years following conviction by guilty plea arising from conduct sexually exploiting minors over the internet. His projected release date is March 18, 2028. He has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [125]. The government responded, opposing the motion [127]. Although a reply was authorized [126], Mr. Vastis did not submit a reply brief.

The primary ground on which Mr. Vastis's motion is based is the risk posed to his health due to the COVID-19 pandemic [125]. The Seventh Circuit, however, has held that the availability of a vaccine to federal prisoners "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release," unless the prisoner "can show that he is unable to receive or benefit from a vaccine." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). Mr. Vastis has made no such showing.

Mr. Vastis also seeks compassionate release based on his wife's medical condition and the prospect that his wife may become unable to care for her mother. While undeniably serious, his wife's condition does not constitute an extraordinary and compelling circumstance warranting compassionate release. Mr. Vastis does not claim that he is the only person available to care for either his wife or his mother. Notably, as the government points out, Mr. Vastis has two adult children and his motion does not discuss their availability or that of other family members and/or service providers to contribute to his wife's care or that of her mother. This ruling does not, however, preclude Mr. Vastis from presenting a more fulsome motion on this ground should circumstances warrant.

Finally, even if Mr. Vastis had established an extraordinary and compelling reason for compassionate release, the Court would nevertheless deny the motion. Compassionate release is

warranted only when the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor or release in light of the extraordinary and compelling circumstances favoring release. For essentially the reasons set forth by the government in its thorough response (again, unchallenged by Mr. Vastis), a sentence of time served (approximately five years of a thirteen-year sentence) would not be adequate to reflect the seriousness of the offenses, to provide just punishment for those offenses, or to protect the public from further crimes of the defendant—particularly given the difficulty of policing on-line access and activities. The defendant's conduct sexually exploited two juveniles directly and indirectly exploited others; as the government notes, "it would significantly diminish the seriousness of defendant's conduct and its life-long, devastating impact on the victims to grant early release of this defendant." Resp., ECF No. 127, at 15-16. Mr. Vastis argues that he is unlikely to re-offend but the Court considered those arguments in concluding that a sentence of thirteen years of imprisonment was the minimum sentence sufficient to provide adequate deterrence. Mr. Vastis now points to his good conduct in prison as additional evidence that he is unlikely to reoffend, but he committed these crimes while otherwise a law-abiding citizen, so the absence of continued evidence of criminality means little here. Compliance with rules and regulations, moreover, is expected, not extraordinary. *Ugbah,* 4 F.4th at 597. It does not warrant a reduction of eight years in Mr. Vastis's sentence.

Dated: March 3, 2022

John J. Tharp, Jr.
United States District Judge